(No. 5376— )

LAMMERT and MANN COMPANY, an Illinois Corporation, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1967.*

TENNEY, BENTLEY, GUTHRIE, ASKOW and HOWELL, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; MORTON L. ZASLAVSKY, Assistant Attorney General, for Respondent.

DOVE, J.

Claimant seeks to recover from respondent the sum of $554.30 for installation of two Minneapolis Honeywell R4127 programmers and cabinets furnished to the State of Illinois, Department of Public Works and Buildings, at the State Highway Garage at 159th Street and Crawford Avenue, Harvey, Illinois.

A stipulation of facts by and between claimant and respondent was filed herein on March 20, 1967, which states as follows:

"That claimant, Lammert and Mann Company, had furnished and installed two Minneapolis Honeywell R4127 programmers and cabinets to respondent, State of Illinois, Department of Public Works and Buildings, at the State Highway Garage at 159th Street and Crawford Avenue in Harvey, Illinois.

"That the items so furnished and installed were installed at the request of the State Architects of the State of Illinois, acting under proper authority.

"That the reasonable value of the labor and material furnished was $554.30.

"That claimant had rendered an invoice on May 20, 1965 to the proper agency of the State of Illinois, but that the invoice so rendered had arrived late, and was not paid out of appropriations of the 73rd biennium, which had expired on September 30, 1965.

"That claimant continues to be the sole organization interested in this claim; that no assignment thereof had occurred; that claimant is the sole owner of the claim.

"That upon the foregoing agreed case filed herein, the Court shall decide thereon and render judgment herein according to the rights of the parties in the same manner as if the facts aforesaid were proved upon the trial of said issue."

It appears to the Court that this is a contract for the furnishing of materials and services; that the contract was properly entered into; that services have been satisfactorily performed; that the programmers were properly installed in accordance with the order of the Department of Public Works and Buildings; and, that proper charges were made therefor.

It further appears that the appropriations for payment of the same had lapsed prior to the presentment of the invoice. Our Court has repeatedly held that it would enter an award for the amount due under such circumstances.

Claimant is hereby awarded the sum of $554.30.